NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 09-1199

———————

UNITED STATES OF AMERICA

v.

PARIS LAMONT CARNEY,
                                        Appellant


———————

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Action No. 2-07-cr-00068-001)
District Judge:  Hon. Stewart Dalzell

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2010

BEFORE:  McKEE, *Chief Judge*, RENDELL and
STAPLETON, *Circuit Judges*

(Opinion Filed: June 3, 2010)


———————

OPINION OF THE COURT

———————

STAPLETON, <u>Circuit Judge</u>:

Paris Lamont Carney appeals his convictions for bank robbery in violation of 18 U.S.C. § 2113(d) and using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). His attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We will grant the motion to withdraw and will affirm the judgment of the District Court.

This Court's rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry when counsel submits an *Anders* brief is thus twofold . . .: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Our review of the record has convinced us that trial counsel's *Anders* brief is adequate and that there are no nonfrivolous grounds on which to challenge the judgment of conviction.

The District Court properly denied Carney's motion for acquittal on the ground that the government had failed to prove that the credit union that was robbed was federally insured. At trial, a credit union employee testified that the deposits of the credit union were federally insured through the National Credit Association on the date of the robbery. The government also introduced, without objection, a self-authenticating Certificate of Insurance dated only two months after the robbery evidencing that the credit union's accounts were federally insured beginning in 1971 and remained insured as of the date of the Certificate. This evidence was sufficient to carry the government's burden. *See, e.g., United States v. McIntosh*, 463 F.2d 250 (3d Cir. 1972); *United States v. Abuhouran*, 162 F.3d 230, 243 (3d Cir. 1998) (existence of federal insurance was proven by testimony of bank employee and FDIC representative where juror would reasonably have understood the witnesses to refer to the time of the offenses charged); *United States v. Rusan*, 460 F.3d 989, 994 (8th Cir. 2006) (photocopy of FDIC plaque and testimony of bank employee proved existence of federal insurance coverage); *United States v. Hicks*, 217 F.3d 1038, 1044-45 (9th Cir. 2000) (testimony of bank employee that bank was federally insured on the date false statements were made to it and corroborated by certificates of insurance were sufficient to prove the bank was federally insured); *United States v. Harris*, 165 F.3d 1062, 1066 (6th Cir. 1999) (testimony of bank's fraud investigator who also displayed a certificate of insurance was sufficient to prove the

3

existence of federal insurance).[1]

Because our independent review of the record fails to reveal any nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and will affirm the judgment of the District Court. In addition, we certify that the issues presented in this appeal lack legal merit and thus that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

---

[1] In the course of our independent review, we have also considered whether the District Court's denial of Carney's Rule 33 motion for a new trial presents a nonfrivolous issue. We conclude that it does not. What Carney characterizes as "new evidence" was not only known to him at the time of trial but was also introduced as evidence, and argued by counsel, at trial.